IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

_____
                                         )
PENSION BENEFIT GUARANTY     )
CORPORATION                           )
1200 K Street, NW, Suite 340         )
Washington, DC 20005,              )
                                         )
            *Plaintiff*,        )   **Case No.: 18-cv-566**
                                       )
     *v.*                               )
                                         )
DOMUS PROPERTY INVESTMENTS, )
LLC                                  )
812 E. Lasalle Avenue                 )
South Bend, IN 46617                )
                                         )
                                         )
            *Defendant*.     )
_____)

## COMPLAINT

Plaintiff Pension Benefit Guaranty Corporation ("PBGC") files this Complaint against Domus Property Investments, LLC ("Domus"), as administrator of the Domus Property Investment, LLC Defined Benefit Plan (the "Pension Plan"), and states:

1. This action arises under Title IV of the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1301-1461 ("ERISA").

2. By this action, PBGC seeks an order, pursuant to 29 U.S.C. §§ 1342 and 1348, (i) terminating the Pension Plan, (ii) appointing PBGC as the Pension Plan's statutory trustee, (iii) fixing September 30, 2016, as the Pension Plan's termination date; and (iv)

commanding Domus and any third parties to transfer to PBGC all Pension Plan assets, information, and documents related to the Pension Plan.

## Jurisdiction

3. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 1303(e)(3) and 1342.

4. The Court has personal jurisdiction over Defendant under 29 U.S.C. § 1303(e)(2). Venue is appropriate in this district pursuant to 29 U.S.C. § 1342(g).

## The Parties

5. Plaintiff PBGC is the agency and wholly owned corporation of the United States government that administers the pension plan insurance program of Title IV of ERISA.

6. Defendant Domus was organized as a limited liability company in 1996 in the state of Indiana, and its principal place of business was located at 812 E. Lasalle Avenue, South Bend, IN 46617.

7. Upon information and belief Defendant Domus is the Plan Sponsor and, pursuant to Section 1.4 of the Pension Plan Document, Administrator of the Pension Plan within the meaning of 29 U.S.C. §§ 1002(16) and 1301(a)(1).

## Statutory Background

8. PBGC may institute proceedings to terminate a defined benefit pension plan whenever it determines that the plan has not met the minimum funding standard required by the Internal Revenue Code or that the plan will be unable to pay benefits when due. 29 U.S.C. § 1342(a)(1), (2).

9. PBGC may institute proceedings to terminate a defined benefit pension plan whenever it determines that termination is necessary to protect the interests of participants. 29 U.S.C. § 1342(c).

10. After determining that a pension plan should be terminated and notifying its plan administrator of such determination, PBGC may "apply to the appropriate United States district court for a decree adjudicating that the plan must be terminated in order to protect the interests of the participants or to avoid any unreasonable deterioration of the financial condition of the plan or any unreasonable increase in the liability of the [PBGC insurance] fund." 29 U.S.C. § 1342(c). Alternatively, PBGC and the plan administrator may enter into an agreement to terminate the plan.

11. When an underfunded defined benefit pension plan terminates, PBGC typically becomes the statutory trustee of the plan and, subject to certain statutory limitations, uses PBGC's insurance funds to pay the plan's unfunded benefits. *See* 29 U.S.C. § 1322.

12. The termination date of a pension plan is either agreed upon by PBGC and the plan administrator or, in the absence of an agreement, established by the district court. 29 U.S.C. § 1348(a)(4).

13. Upon issuing a termination decree under 29 U.S.C. § 1342(c), the district court must appoint and authorize a trustee to terminate the pension plan in accordance with Title IV of ERISA. 29 U.S.C. § 1342(b), (c). PBGC may request its appointment as trustee in any case. 29 U.S.C. § 1342(b)(1).

**Factual Background**

14. Upon information and belief, Defendant established the Pension Plan, effective January 1, 1998, for the benefit of Domus' employees.  The Pension Plan has four participants.

15. The Pension Plan is a defined benefit pension plan covered by Title IV of ERISA.  *See* 29 U.S.C. §§ 1002(35), 1321(a).

16. Upon information and belief, Domus sold all of its operating assets and ceased ongoing business activities on or about July 27, 2005.

17. Upon information and belief, the Pension Plan was frozen on December 31, 2005.

18. Upon information and belief, the last contribution Domus made to the Pension Plan was on June 23, 2003.

19. Upon information and belief, Domus has missed required contribution payments of $2,923 for 2010; $13,715 for 2011; $22,078 for 2012; $35,856 for 2013; $43,716 for 2014; $75,790 for 2015; and $82,597 for 2016.

20. Upon information and belief, PBGC estimates that the Pension Plan is underfunded by approximately $588,077 on a termination basis and does not have assets available to pay benefits when due under the terms of the Pension Plan.

**COUNT I**

21. PBGC realleges and incorporates by reference paragraphs 1 through 20.

22. Under 29 U.S.C. § 1342(c), PBGC is authorized, after determining that a pension plan covered by Title IV of ERISA should be terminated, "[to] apply to the

appropriate United States District Court for a decree adjudicating . . . the plan . . . terminated in order to protect the interests of the participants or to avoid any unreasonable deterioration of the financial condition of the plan or any unreasonable increase in the liability of [PBGC's insurance] fund."

23.  PBGC has made determinations under 29 U.S.C. § 1342(a)(1–2) and (c)(1) that the Pension Plan must be terminated. On March 3, 2017, in accordance with 29 U.S.C. § 1342(c), PBGC issued a Notice of Determination (the "Notice") to Domus, notifying Domus that PBGC had determined that the Pension Plan has not met the minimum funding standard, will not be able to pay benefits when due, and must be terminated in order to protect the interests of the Plan's participants under 29 U.S.C. § 1342. A copy of the Notice is attached hereto as Exhibit 1. Accordingly, this Court may issue a decree terminating the Pension Plan.

## COUNT II

24.  PBGC realleges and incorporates by reference paragraphs 1 through 23.

25.  Upon issuing a termination decree under 29 U.S.C. § 1342(c), a United States district court may appoint PBGC as statutory trustee of the terminated plan. 29 U.S.C. § 1342(b)(1).

26.  PBGC is willing and able to serve as statutory trustee of the Pension Plan.

27.  If appointed trustee of the Pension Plan, PBGC will complete the termination of the Pension Plan in accordance with Title IV of ERISA, pursue statutory claims for liability under 29 U.S.C. § 1362, pay Pension Plan benefits in accordance with ERISA, and

administer the Pension Plan in accordance with its terms and the provisions of 29 U.S.C. § 1342(d).

### COUNT III

28.  PBGC realleges and incorporates by reference paragraphs 1 through 27.

29.  The termination date of a pension plan is the date agreed to by PBGC and the plan administrator, or, in the absence of such an agreement, the date established by the Court.  29 U.S.C. § 1348(a)(3) and (a)(4).

30.  The sale of Defendant's assets and Defendant's cessation of business activities on or about July 27, 2005 extinguished participants' reasonable expectations that the Pension Plan would continue after July 27, 2005.

31.  The termination date that best serves PBGC's interests is September 30, 2016, since a date more current than July 27, 2005 will reduce the administrative burden of PBGC's trusteeship activities for the Pension Plan.

32.  The Court should establish September 30, 2016, as the Pension Plan's termination date.

### COUNT IV

33.  PBGC realleges and incorporates by reference paragraphs 1 through 32.

34.  Under 29 U.S.C. § 1342(d), a court-appointed statutory trustee is authorized, among other things, to pay pension plan benefits and manage pension plan assets in accordance with Title IV of ERISA.

35. To carry out its statutory duties with respect to a pension plan, the court-appointed statutory trustee must receive all pension plan assets and all documents relating to the plan, the participants, and the plan's assets.

36. The Court should therefore order the transfer to PBGC of all Pension Plan assets and Pension-Plan-related documents, wherever located, as an incident of appointing PBGC statutory trustee of the Pension Plan.

**WHEREFORE**, PBGC requests that the Court enter a judgment on all counts of this Complaint, and the Court enter an Order:

   A. Adjudicating that the Pension Plan is terminated under 29 U.S.C. § 1342(c);

   B. Appointing PBGC statutory trustee of the Pension Plan under 29 U.S.C. § 1342(c);

   C. Establishing September 30, 2016, as the Pension Plan's termination date under 29 U.S.C. § 1348(a);

   D. Ordering Domus and all other persons or entities having possession, custody, or control of any records, assets, or other property of the Pension Plan, or any documents required to determine Pension Plan benefits, to transfer, convey, and deliver all such items to PBGC; and

  E. Granting such other relief as the Court deems just and proper.

Dated:  July 25, 2018       Respectfully submitted,


          /s/ *Elisabeth B. Fry*
          JUDITH R. STARR
          General Counsel
          KARTAR KHALSA
          Deputy General Counsel
          C. WAYNE OWEN, JR.
          Assistant General Counsel
          ELISABETH B. FRY
          Attorney

          PENSION BENEFIT GUARANTY CORP.
          Office of the General Counsel
          1200 K Street, N.W.
          Washington, D.C. 20005
          Telephone: 202.326.4020, ext. 6863
          Facsimile: 202.326.4112
          Emails: fry.elisabeth@pbgc.gov and
             efile@pbgc.gov